UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| STANLEY SORRENTINO,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>       Plaintiff,<br>v<br><br>SELIP & STYLIANOU, LLP AND<br>MIDLAND FUNDING LLC,<br><br>       Defendants. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Stanley Sorrentino [hereinafter "Sorrentino"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Selip & Stylianou, LLP [hereinafter "S&S"] and Midland Funding LLC [hereinafter "Midland"] and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants regular transaction of business within this district.  Venue in this district also is proper based on Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendants also derive substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Sorrentino is a natural person residing at 229 Sullivan Avenue, Farmingdale, NY 11735

6. Sorrentino is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about February 21, 2017, S&S, on behalf of Midland, sent Sorrentino the letter annexed as Exhibit A. Sorrentino received and read Exhibit A. For the reasons set forth below, Sorrentino's receipt and reading of Exhibit A deprived Sorrentino of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, S&S, on behalf of Midland, sent Exhibit A to Sorrentino in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account for his individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. S&S, on behalf of Midland and via Exhibit A, attempted to collect this past due debt from Sorrentino in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. S&S is a limited liability partnership with a principal place of business located at 199 Crossways Park Drive, Woodbury, NY 11797.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. S&S possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon S&S possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of S&S is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, S&S identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, S&S is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. Midland is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

16. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Midland possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

17. The principal purpose of Midland is the collection of debts using the instrumentalities of

interstate commerce, including mails and telephone.

18. Based upon the allegations in the above two paragraphs, Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18 of this Complaint.

20. Per the statement in Exhibit A, on the date of Exhibit A, S&S, on behalf of Midland, already had sent a lawsuit to the court to be filed.

21. On the date of Exhibit A, S&S, on behalf of Midland, was using the lawsuit referred to in Exhibit A to the Complaint to attempt to collect the debt set forth in Exhibit A.

22. Exhibit A set forth a "Balance Due" of $2,205.86.

23. Upon information and belief, the aforementioned lawsuit which S&S was using on behalf of Midland to collect the "Balance Due" of $2,205.86 set forth in Exhibit A sought a Judgment against Plaintiff for the $2,205.86 set forth in Exhibit A plus costs and disbursements.

24. If S&S, on behalf of Midland, obtained a Judgment against Plaintiff as a result of the aforementioned lawsuit, the Judgment could include costs and disbursements in addition to the "Balance Due" of $2,205.86 set forth in Exhibit A.

25. Plaintiff owed the aforementioned debt under a theory of breach of contract or quantum meruit.

26. Since Plaintiff owed the aforementioned debt under a theory of breach of contract or quantum meruit, per NY CPLR 5001, the Judgment sought in the aforementioned lawsuit could include an award of pre-Judgment interest on the "Balance Due" of $2,205.86 set

forth in Exhibit A from the date of Exhibit A or an earlier date.

27. The aforementioned lawsuit sought a Judgment against Plaintiff; and per NY CPLR 5003 post-Judgment interest automatically accrues on the amount of the Judgment from the date of the entry of the Judgment.

28. Exhibit A to the Complaint did not notify Plaintiff that his "Balance Due" of $2,205.86 may increase due to interest, late charges, and/or other charges such as the aforementioned costs and disbursements, the aforementioned pre-Judgment interest, and/or the aforementioned post-Judgment interest.

29. Upon information and belief, Midland and/or an entity on its behalf issued work standards, directives, and/or guidelines to S&S which contained instructions, controls, and rules governing the steps S&S could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

30. All the actions alleged in this Complaint taken by S&S were taken by S&S as the "debt collector" for the "debt collector" Midland.

31. Based on the allegations in the above two paragraphs, Midland is vicariously liable for the actions of S&S.

32. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e by sending Exhibit A to Sorrentino.

### SECOND CAUSE OF ACTION-CLASS CLAIM

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18, and 29-31 of this Complaint.

34. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

### THIRD CAUSE OF ACTION-CLASS CLAIM

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18, and 29-31 of this Complaint.

36. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18, and 29-31 of this Complaint.

38. By sending Exhibit A to Plaintiff, Defendants violated 15 USC 1692g.

### CLASS ALLEGATIONS

39. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

40. The classes consist of I. (a) all natural persons (b) who received a letter from S&S dated between February 21, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A and II. (a) all natural persons (b) who received a letter from S&S on behalf of Midland dated between February 21, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

41. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

42. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

43. The predominant common question is whether S&S's letters violate the FDCPA.

44. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

45. A class action is the superior means of adjudicating this dispute.

46. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:        February 21, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709